# Fred S. HASHWAY

v.

## SHAWMUT BANK OF RHODE ISLAND.

### No. 91–642–Appeal.

Supreme Court of Rhode Island.

Nov. 13, 1992.

### ORDER

This case came before this court for oral argument on November 6, 1992, pursuant to an order directed to both parties to appear and show cause why the issues raised by the plaintiff's appeal should not be summarily decided. After review of the arguments and memoranda of counsel, we are of the opinion that the parties failed to show cause.

The facts in this case are as follows. In December 1989 plaintiff purchased two properties located in Providence, Rhode Island from A & S Partners. The defendant, Shawmut Bank of Rhode Island (Shawmut), held a mortgage on both of these pieces of property. In June 1990, Providence conducted a tax sale to collect delinquent taxes on these properties. Providence took tax title to one of the properties, James Ajootian purchased the other property at the tax sale. Following this tax sale, neither plaintiff nor A & S Partners made payments under the terms of Shawmut's mortgage. Shawmut declared a default and scheduled a foreclosure sale, and plaintiff initiated this lawsuit attempting to enjoin the foreclosure. The Superior Court denied plaintiff's claim for injunctive relief and the foreclosure sale took place in February 1991. Shawmut then redeemed the properties by paying the appropriate back taxes and penalties.

The plaintiff relies on G.L.1956 (1988 Reenactment) § 44–9–1 to claim that Shawmut's foreclosure was improper. Section 44–9–1 provides that taxes assessed on real property "shall constitute a lien on the real estate." Subsection (b) states in pertinent part:

"The lien shall be superior to any other lien, encumbrance, or interest in the real estate whether by way of mortgage, attachment, or otherwise, except easements and restrictions."

The plaintiff argues that since the tax lien is superior to Shawmut's mortgage, the tax sale held by the City of Providence extinguishes Shawmut's mortgage. This is not a proper application of the statute. The implication of the wording of the statute does not mean that a tax sale destroys the mortgage. Moreover, from a public policy standpoint and the record, we are persuaded that Shawmut's foreclosure was proper.

Accordingly we deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court.